CITY OF ST. PAUL v. B. J. BRIGGS.[1]

January 24, 1902.

Nos. 12,770—(178).

**Peddler.**

A peddler, within the generally accepted meaning of the term, is a small retail dealer, who carries his merchandise with him, traveling from place to place, and from house to house, exposing his goods for sale, and selling them.

**Municipal Corporation—Ordinance.**

The power conferred upon municipal corporations by their charters to enact ordinances on specified subjects is to be construed strictly, and the exercise of the power must be confined within the general principles of the law applicable to such subjects.

**City of St. Paul.**

Under the power conferred by its charter to define and restrain peddlers, the city of St. Paul is limited and restricted in defining such term to the generally accepted meaning and scope of the law relating thereto. Ordinance No. 2151 of said city, in so far as it exceeds such limits, is void.

**Defendant not a Peddler.**

Defendant was an agent of wholesale dealers in shoemakers' supplies, and as such made periodical trips through the city of St. Paul, selling and delivering such goods to dealers only, and not to consumers. *Held*, he was not a peddler within the meaning of the law.

Appeal by defendant from a judgment of the municipal court of St. Paul, Hine, J., by which he was convicted of the offense of peddling without a license in violation of the city ordinance. Reversed.

*Benton & Molyneaux*, for appellant.

*James E. Markham* and *Thomas McDermott*, for respondent.

BROWN, J.

Defendant was convicted in the municipal court of St. Paul of peddling in violation of the ordinances of that city, and appeals from the judgment against him.

[1] Reported in 88 N. W. 984.

The facts are as follows: J. H. Martin & Co. are wholesale merchants dealing in leather and shoemakers' supplies, and own and conduct a wholesale store at Minneapolis. Defendant is an employee or agent of said Martin & Co., and as such makes periodical trips from Minneapolis to St. Paul with a wagon load of such supplies, selling and disposing of the same to shoemakers and dealers in St. Paul. If any such dealers desire to purchase articles which he does not happen to have with him on any such trip, an order is taken therefor, and the articles subsequently delivered. Defendant neither sold to, nor took orders from, consumers, but dealt wholly and entirely with dealers. There is no controversy about the facts. On August 21, 1901, defendant was arrested and charged with peddling without a license, in violation of Ordinance 2151 of the city of St. Paul, and upon the foregoing facts he was convicted and fined.

Among the powers conferred upon the common council of the city of St. Paul by its home-rule charter, we find the following:

"To define, restrain, regulate and license hawkers, peddlers, porters, runners, agents and solicitors for common carriers, hotels, public houses, express companies, or other establishments."

Under this power the ordinance in question was enacted, the material portion of which is as follows:

"Every person who shall sell, or offer for sale, any goods, wares, fruits, nuts, candies, groceries, provisions, vegetables, or other articles of value, or barter or exchange the same at any point or place within the city of St. Paul other than upon land owned or leased by said person, or at a store kept by said person, or at a stand at one of the public markets, shall be deemed, called or known as a peddler," etc.

The offense of peddling, or the term "peddler," as defined by the ordinance, is much broader and more comprehensive than any of the definitions given by the lexicographers, or found in any of the adjudicated cases. A peddler, within the generally accepted meaning of the word, is a small retail dealer, who carries his merchandise with him, traveling from place to place, and from house to house, exposing his goods for sale and selling them.

It is said in 34 Am. Law Reg. 569, in an article relating to this

subject, that there are four elements required to constitute a peddler, namely: (1) That he should have no fixed place of dealing, but should travel around from place to place; (2) that he should carry with him the wares he offers for sale, not merely samples thereof; (3) that he should sell them at the time he offers them, not merely enter into an executory contract for future sale; and (4) that he should deliver them then and there, not merely contract to deliver them in the future. To these should be added a fifth, to the effect that the sales made by him should be to consumers, and not confined exclusively to dealers in the articles sold by him. It is generally held that, if any one of these elements be absent from the regular dealings of a vender, he is not a peddler, whatever else he may be. One who solicits orders from dealers for future delivery, or sells by sample, whether in his own behalf or as the agent of a dealer, cannot be held to be a peddler. There can be no difference in principle between a person who solicits orders from dealers, and subsequently delivers the goods ordered, and a person who makes the sale and delivery one transaction. The fact that the sales are to dealers, and not to consumers, is the distinguishing feature. An examination of the cases found in the books—and they are quite numerous—sustains this view of the law. 15 Am. & Eng. Enc. 291; City of South Bend v. Martin, 142 Ind. 31, 29 L. R. A. 531, and cases cited in note.

The only question for determination in the case at bar is whether, under the authority to define the offense of peddling, the ordinance under consideration, going, as it does, far beyond the ordinary definition, is valid. It is contended by the prosecution that, because of the fact that the city is empowered by its charter to define the offense, definitions by lexicographers and others are irrelevant, and not controlling, and that the city had power to adopt a definition or meaning within such limits as its council deemed wise and proper. We are unable to adopt this contention. The charter of the city, it is true, authorizes the council to define and restrain peddlers, porters, and others; but it is clear that the power to define the offense must be confined within reasonable bounds, and limited to the generally accepted meaning and scope of the law relating to that subject.

It is a rule of general application that the authority given municipal corporations to enact ordinances must be construed strictly (1 Dillon, Mun. Corp. § 91, note 2), and this rule should apply with special force to cities authorized to form and adopt their own charters. If a city, organizing under the constitutional amendment empowering cities to form their own charters, may assume and clothe itself with power to define crimes and misdemeanors, it may extend and enlarge the criminal laws of the state to suit the notions of its council. There must, in the nature of things, be some limitation upon such authority; if not, confusion may result. Under authority to define peddling, the ordinances of one city might be entirely different from those of another. What would constitute peddling in St. Paul might not in Minneapolis, or in Duluth. It could not well be said that, if a city was authorized to define petit larceny, it could go beyond, in doing so, the definition of the offense as known to the law generally. The exercise by municipal corporations of the delegated power to enact ordinances must, therefore, be confined within the general principles of the law applicable to the subject of such ordinances. Any other rule would confer upon municipal authorities greater power than was intended they should possess. Mays v. City, 1 Oh. St. 268; Mayor v. Hussey, 21 Ga. 80.

It follows that the ordinance in question is void in so far as it covers acts of the character of those shown to have been committed by the defendant in this case. His conduct in selling goods as the agent of wholesale merchants, being confined exclusively to selling to dealers in the articles, and not to consumers, does not constitute peddling within any of the definitions found in the books. State v. Fetterer, 65 Conn. 287, 32 Atl. 394; Standard Oil Co. v. Com. (Ky.) 55 S. W. 8; Village v. Fisher, 140 N. Y. 187, 35 N. E. 500.

Generally speaking, peddlers are those who travel about selling to consumers, acting in their own behalf and in their own interests, and are not, as a rule, agents or employees of others, though an agent thus selling goods may come within the law. It is conceded in this case that defendant did not own the goods or chattels he was engaged in selling; it is conceded that he was the agent

and employee of the owners, who were wholesale dealers in such articles; and it is further conceded that the sales by him were to dealers, and not to consumers, or to the public generally.

We are of opinion that the city council had no authority, under the power conferred by its charter, to bring such a case within the law of peddling, and the judgment appealed from is reversed.