STATE v. BERT STONE.[1]

December 22, 1905.

Nos. 14,519—(24).

**Vagrant.**

Appeal from the judgment of the municipal court of the city of Minneapolis adjudging the defendant guilty of the offense of vagrancy as defined by an ordinance enacted by virtue of the power granted to the city council to restrain and punish vagrants. *Held*, that the city council may declare what acts shall constitute vagrancy, but such power must be confined within reasonable bounds and limited to the generally accepted meaning and scope of the law relating to the subject. City of St. Paul v. Briggs, 85 Minn. 290, followed.

**Municipal Ordinance.**

That part of the ordinance in question which attempts to punish a person as a vagrant who is found trespassing on private premises without giving a good account to the court for his or her conduct is void, but the other provisions of the ordinance are not dependent on the void part and are valid.

**Evidence.**

The trial court received the testimony of policemen to the effect that the defendant's reputation was that of a pickpocket. This was error.

Appeal by defendant from a judgment of the municipal court of Minneapolis, C. L. Smith, J. Reversed and new trial granted.

*M. C. Brady,* for appellant.

*Frank Healy* and *A. C. Finney,* for the state.

[1] Reported in 105 N. W. 187.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of vagrancy under the ordinance of the city and sentenced to the workhouse for the term of eighty-five days. He appealed from the judgment.

1. The first alleged error to be considered is that the ordinance in question is void for the reason that it is not authorized by the city charter. The city council has power, by virtue of the city charter (Sp. Laws 1881, p. 434, c. 76, subc. 4, § 5), "to restrain and punish vagrants, mendicants, street beggars and prostitutes." Pursuant to this authority the city council enacted an ordinance entitled "An ordinance to punish vagrants and street beggars," which was approved July 15, 1891. It provides that

> Any male or female person found within the limits of the city of Minneapolis, who has no visible means of support, or who lives idly without lawful employment, or who wanders about the streets, either by day or night; or any person who does not have a known place of residence or abode, or is found begging, or who for the purpose of gain, travels about over the city begging, or who loiters about saloons, gambling resorts or houses of ill fame, or is found trespassing on private premises, without giving a good account to the court for his or her conduct, shall upon conviction before the municipal court, be fined not exceeding $100 or committed not exceeding ninety days in the Minneapolis workhouse.

The charter gives the council power to enact an ordinance to restrain and punish vagrants. This authorizes the council to declare what acts shall constitute vagrancy, but such power must be confined within reasonable bounds and limited to the generally accepted meaning and scope of the law relating to the subject. City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984. It does not necessarily follow, as claimed by the defendant, that the ordinance is wholly void, even if it in some particulars enlarges the settled definition of a vagrant. If a statute or ordinance contains provisions that are invalid, the other portions thereof are valid, if they are not dependent on the part which is void. In such cases the valid provisions will be given effect. City of Duluth v. Krupp,

46 Minn. 435, 49 N. W. 235; State v. Justus, 85 Minn. 279, 88 N. W. 759. That part of the ordinance which attempts to punish a person as a vagrant who "is found trespassing on private premises without giving a good account to the court for his or her conduct" is in excess of the power of the council and void within the rule stated. The other provisions of the ordinance are within the power delegated to the council, for they follow the generally accepted meaning and scope of the· law relating to vagrancy. Laws 1897, p. 602, c. 335, does not limit the scope of the ordinance; for both the city and the state may punish the offense. The provisions of the ordinance which we hold to be within the powers of the council are in no manner dependent upon the invalid provisions; hence they are valid.

2. Over the objection and exception of the defendant the testimony of two policemen, who were unacquainted with the defendant prior to his arrest, was received to the effect that his reputation was that of a pickpocket; that is, a thief who steals from the pockets or person of another without putting him in fear. It is perfectly obvious that this evidence was incompetent and prejudicial, for it does not fall within any of the exceptions to the general rule that evidence of the bad reputation of the defendant in a criminal case is incompetent. The judgment must be reversed, and a new trial granted, for this error. Such being the case, it is unnecessary to consider the remaining assignments of error.

Judgment reversed and a new trial granted.