STATE ex rel. AUGUST GREENWOOD v. R. S. RAMAGE.[1]

December 17, 1909.

Nos. 16,495—(233).

**Ordinance against Peddling Void — Illegal Exemption.**

A city ordinance prohibiting peddling without a license, which exempts "vendors of farm produce or of green fruits and vegetables," is void. State v. Parr, supra, page 147, followed.

August Greenwood having been tried and convicted in the municipal court of Northfield of violating an ordinance of that city, petitioned the district court for Rice county for a writ of habeas corpus directed to the chief of police on the ground that his imprisonment was in violation of the federal and state constitutions. The writ was issued and return made. The court, Buckham, J., ordered that relator be discharged because the conviction was illegal, holding that under the decisions of this court the city of Northfield had no authority to define peddling as was done in the ordinance (see opinion, infra). From the order discharging relator, respondent appealed. Affirmed.

*R. D. Barrett*, for appellant.

*George C. Sudheimer*, for respondent.

O'BRIEN, J.

The relator was convicted by the municipal court of the city of Northfield of peddling without a license, in violation of the following portion of Ordinance No. 23 of that city: "Every person who shall sell or offer for sale any goods, wares or merchandise, books, machinery or other article, or to barter or exchange the same at any place upon or along the streets, avenues, alleys, highways or public places of said city, shall be deemed a hawker or street man, and any person who goes from house to house selling or offering any of said articles for sale, barter or exchange, shall be deemed a peddler or canvasser, within the meaning of this ordinance, and it shall be unlawful for

[1] Reported in 123 N. W. 823.

any person or persons to exercise any of said callings within said city without first having obtained a license therefor. Licenses for said callings are hereby fixed at the sum of three dollars per day for hawkers and street men, and three dollars per day for peddlers and canvassers, and may be granted by the mayor upon application: Provided, that this ordinance shall not apply to vendors of farm produce or of green fruits and vegetables." This is an appeal from an order of the district court discharging the relator, after a hearing upon the return to a writ of habeas corpus.

We are inclined to think that the definition of a peddler given in the ordinance should be construed so as to include only what is ordinarily understood by that term, and that the ordinance did not contain the objectionable features pointed out in City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984, 89 Am. St. 554; but, following the decision of this court in State v. Parr, supra, page 147, 123 N. W. 408, the exemption from its provisions of "vendors of farm produce or of green fruits and vegetables" makes the ordinance invalid, and the order discharging the relator is affirmed.