CITY OF WATERTOWN, Respondent, v. CHRISTNACHT et al., Appellants.

(164 N. W. 62.)

(File No. 4177: Opinion filed August 23, 1917.)

**Constitutional Law—Ordinance Prohibiting Association With Prostitutes—Personal Liberty of Citizen, Violation of—What Constitutes Constitutionality.**

A city ordinance declaring that any male person found associating with females known or reputed as common courtesans or prostitutes, or found in company with any such person within the limits of the city, shall be deemed a pimp, and upon conviction, fined and imprisoned, is violative of Const., Art. 6, Sec. 1, guaranteeing personal liberty of the citizen; since it would prevent personal effort on the part of male citizens to uplift and ameliorate the condition of fallen women; and the constitutionality of a law is determined, not alone by what has been done, but by what may be done under its provisions.

Appeal from Municipal Court of Watertown. Hon. IRVIN H. MYERS, Judge.

The defendants, Maurice Christnacht and Patsy McAleer, were convicted of violating an ordinance of the City of Water-

town, and they appeal. Judgment reversed, and trial court directed to discharge defendants.

*Clay Carpenter,* for Appellants.

No appearance for Respondent.

Appellants cited: Pol. Code, Secs. 59, 34; 30 Cyc. 1624; Words & Phrases, 6, 5379; Weideman v. Smith, 30 N. E. 920, 921, 4 Ind. App. 397.

GATES, P. J.    An ordinance of the city of Watertown declares, among other things, the following:

"Sec. 17.   (*Pimp*).   Any male person  *  *  *  who shall be found associating with females known or reputed as common courtesans or prostitutes, or who shall be found in any company with any female known or reputed as a common prostitute or courtesan,  *  *  *  within the limits of the city of Watertown, shall be deemed a pimp, and upon conviction thereof shall be fined in any sum not exceeding fifty dollars nor less than ten dollars, and imprisonment for any determinate period not exceeding ten days, nor less than five days."

The defendants were arrested, tried, convicted, and adjudged to pay a fine of $25 and costs, under a complaint which charged that at the city of Watertown they, "on and before the 16th day of November, A. D. 1916, were then and there unlawfully found associating with females known and reputed as common courtesans and prostitutes," and which complaint further stated the names of such females.   From the judgment, defendants appeal.

It is urged, and we think correctly, that this ordinance is unconstitutional.   In Pinkerton v. Verberg, 78 Mich. 573, 44 N. W. 579, 7 L. R. A. 507, 18 Am. St. Rep. 473, the court well said:

"Personal liberty, which is guaranteed to every citizen under our Constitution and laws, consists of the right of locomotion— to go where one pleases, and when, and to do that which may lead to one's business or pleasure, only so far restrained as the rights of others may make it necessary for the welfare of all other citizens."

Quoting the above, the Supreme Court of Missouri said in City of St. Louis v. Roche, 128 Mo. 541, 31 S. W. 915:

"Our Constitution and laws guarantee to every citizen the right to go where and when he pleases, and to associate with

whom he pleases, exacting from him only that he conduct himself in a decent and orderly manner, that he disturb no one, and that he interfere with the rights of no other citizen."

In that case it was held that an ordinance prohibiting association with thieves, pickpockets, etc., was—

"absolutely invalid, on the broad ground that its direct effect is to invade and necessarily destroy one, at least, of these 'certain inalienable rights' of the citizen bestowed by the Creator and guaranteed by the organic law, personal liberty."

In a similar case that court said, in City of St. Louis v. Fitz, 53 Mo. 582:

"Such person might well be said to have the reputation of being a thief, as he had actually been convicted and punished as such by a competent judicial tribunal; but, even in such case, is he therefore marked as a leper in society, to be avoided by his former associates? This would close the door to repentance or reformation, and 'once a thief, always a thief,' would be the maxim upon which police officers would act. Perhaps the maxim may answer very well, practically, for them, especially in justifying precautionary measures; but it will not, and ought not to, be enforced by courts, whose business it is to administer justice. However humble may be the citizen arrested under an ordinance prohibiting intercourse with such former criminal, his right to select his own company, so long as no actual breach of law occurs, and no intended breach of law can be established, is as sacred, and as much under the protection of the state, as though he moved in the more elevated spheres of society. The tendency of power to pass from the many to the few is sufficiently rapid, without further encouragement, and the power to arrest for keeping bad company is a dangerous one, liable to great abuses and partial and unjust discriminations."

See, also, McQuillin, Mun. Corp. § 749; Abbott, Mun. Corp. § 129.

To sustain the validity of the quoted portion of the Watertown ordinance would prevent personal effort on the part of male citizens to uplift and ameliorate the condition of fallen women. Ministers of the gospel, physicians, nurses, welfare workers—all would be subject to the infamous appellation contained in the ordinance and to the pains and penalties of the ordinance. The

constitutionality of a law is determined, not alone by what has been done, but by what may be done, under its provisions. Minneapolis Brew. Co. v. McGillivray (C. C.) 104 Fed. 258. Surely it does not need further elaboration to make it clear that the ordinance in question violates the personal liberty guaranteed by article 6, § 1, of our Constitution.

The judgment appealed from is reversed, and the trial court is directed to discharge the defendants.