CITY OF WATERTOWN, Respondent, v. BARKER et al., Appellants.

(164 N. W. 972.)

(File No. 4176.   Opinion filed November 12, 1917.)

1. **Criminal Law—Ordinances—Ordinance Defining Prostitutes—Statute Authorizing Their Punishment, Basis of Ordinance—Conviction of Guilt for "Visiting Men of Bad Character," Invalidity of.**

Where, in the absence of any other authority therefor than Pol. Code, Sec. 1229, Par. 59, empowering city councils to punish prostitutes, a city ordinance was enacted declaring who should be deemed prostitutes and providing punishment there-

for, **held**, that a conviction under said ordinance, not for being prostitutes, but for visiting a building "where men of bad character frequented and resorted," was unauthorized; since the statute did not confer upon city councils power, either to declare said acts to be criminal in themselves or to enact any rules of evidence by which courts or juries should be guided in determining who were prostitutes; and, under said statute, no power is granted city councils to give the word "prostitutes" any meaning other than that generally accepted for such word. City of Watertown v. Christnacht, 39 S. D. 290, 164 N. W. 62, approved and **held** controlling.

**2.   Prostitution—"Visiting Building Where Men of Bad Character Resorted," Whether Constituting Prostitution.**

While females who "visited a building where men of bad character frequented and resorted," might and probably in a majority of cases would be "prostitutes," yet they might visit such places for different purposes than to engage in "indiscriminate lewdness," engaging in which alone render them prostitutes, under Pol. Code, Sec. 1229, Par. 59.

**3.   Prostitution—Conviction on Proof of Vagrancy Only, Tenability.**

Under an ordinance purporting to be directed against prostitutes, one cannot be convicted where proof established vagrancy only.

Appeal from the Municipal Court of Watertown, S. D.   Hon. IRVIN H. MYERS, Judge.

The defendants, Marguerite Barker and Laura Robertson, were convicted of the offence of "associating with men of bad character," and they appeal.   Reversed.

*Clay Carpenter, for* Appellants.

No appearance for Respondent.

(2) To point two of the opinion, Appellant cited:   32 Cyc. 731:   Section 2, Chap. 154, Laws 1903.

(3) To point three of the opinion, Appellant cited:   Matter of Sarah Way, 1 N. W. 1021; City of St. Paul v. Briggs, (Minn.) 88 N. W. 984; 89 Am. St. Rep. 554.

WHITING, J.   The only question presented upon this appeal is the validity of a city ordinance of respondent city.   The statutes of this state (paragraph 59, § 1229, P. C.) empower the city councils of this state to punish prostitutes. Without other authority than that given by such statutes, the council of respondent city enacted an ordinance declaring who should be deemed prostitutes, and providing a punishment for those convicted of being prostitutes.

[1-3] In this particular case it was charged against appellants that they did "visit * * * a building where men of bad character * * * frequent and resort." Appellants were not charged with being prostitutes, but, under the ordinance, proof of the facts charged would cause them to be deemed prostitutes and punishable as such. The judgment of conviction entered against appelants was, not that they were prostitutes, but that they were guilty of the "crime of associating with men of bad character as charged in the bill of information." Undoubtedly the proper legislative power could make the acts charged prima facie proof that the actors were prostitutes; but the Legislature never conferred upon city councils power, either to declare the above acts to be criminal in themselves or to enact any rules of evidence by which courts or juries should be guided in determining who were prostitutes; and, under the power to punish prostitutes, city councils have no power to give to the word "prostitute" any meaning other than that generally accepted for such word. Matter of Sarah Way, 41 Mich. 299, 1 N. W. 1021; City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984, 89 Am. St. Rep. 554; State v. McFarland, 96 Minn. 482, 105 N. W. 187. It needs no argument to show that, while females who "visit a building where men of bad character frequent and resort" might be, and probably in a majority of cases would be, "prostitutes," yet they might visit such places for different purposes than to engage in 'indiscriminate lewdness," engaging in which would alone render them prostitutes under said section 1229, P. C. Under an ordinance purporting to be directed against prostitution, a person cannot be convicted where the proof establishes vagrancy only.

The decision of this court in City of Watertown v. Christnacht, 39 S. D. 290, 164 N. W. 62, is controlling in this case, the facts being parallel, and the reasoning therein applicable, to the facts of this case.

The judgment of conviction herein is reversed.