CITY OF AURORA, RESPONDENT, v. O. B. STAFFORD, APPELLANT.—51 S. W. (2d) 547.

Springfield Court of Appeals. June 15, 1932.

*Allen & Allen* for appellant.

*R. K. McPherson* for respondent.

COX, P. J.—Prosecution for violation of an ordinance of the City of Aurora requiring peddlers operating therein to pay a city license. The case reached the circuit court by appeal and was there tried on an agreed statement of facts. Defendant was there found guilty and a fine assessed. He then appealed to this court.

Under the statutory law of this State the City of Aurora had authority to levy and collect a license fee against persons engaged in peddling within the city limits and as far as this case is concerned, the ordinance appears to be valid. The only question for us to determine is whether or not the defendant, under the agreed statement of facts, was a peddler.

As far as is necessary to quote here the agreed statement of facts is as follows:

"That both before and after the passage, and approval of the ordinance in question, above set out, the defendant, O. B. Stafford, was acting as the agent for and employed by O. F. Crookshanks doing business under the firm name and style of Crookshank's Bakery, an individual. That the said Crookshank's Bakery has its principal place of business in Springfield, Missouri, located at 458 S. Robberson avenue, in said city; that the Crookshank's Bakery operates a wholesale bakery in Springfield, Missouri, and sells its bread, cakes, pies and pastries and other bakery products in a wholesale way, to merchants for resale in Springfield, Aurora and other towns in southwest Missouri, and that the said products are sold to said merchants to be resold by them to customers. That Crookshank Bakery has regular customers among the merchants in Aurora, Missouri, to whom its bread, cakes, pies, pastries and bakery products are delivered by means of an automobile truck, and that the said O. B. Stafford is an employee of Crookshanks Bakery and drives a truck to the City of Aurora, for the purpose of transacting the business of the Crookshank's Bakery. That defendant drives the truck and acts as the agent or representative of Crookshank's Bakery, in selling and delivering the Crookshank's Bakery bread, cakes, pies, pastries and other bakery products to merchants who are regular customers of Crookshank's Bakery, at Aurora, Missouri. That there is an understanding between said merchants and the defendant and Crookshank's Bakery that there shall be sold and delivered to said merchants, each day, such bread as they need for their daily sales, and that such stale bread as each merchant has left is taken back by the defendant and Crookshank's Bakery, and the merchants given credit for each loaf of bread, pies, cakes or pastries or other bakery products so taken back, as stale. That defendant loads the said truck from Crookshank's Bakery, in the City of Springfield, Missouri, with bread, pies, pastries and other bakery products and drives to Aurora, Missouri, to ascertain the amount of bread, cake, pies, pastries and other bakery products that each merchant desires to have delivered at that time, and delivers the same to the said merchants out of the truck. That the accounts therefor are either charged to the merchants by Crookshank's Bakery and bills covering the same are sent out later, or are collected for in cash, by the defendant, at the time of delivery, or collected at a later date by the defendant or remitted direct to Crookshank's Bakery, in Springfield, Missouri. That the

defendant and Crookshank's Bakery made no sales to consumers in the City of Aurora, Missouri, and do not go from house to house in said city, selling bread, cakes, pies, pastries and other bakery prod-· ucts at retail, but confine their business solely to wholesale distribution of the above named products, to merchants for resale."

From this agreed statement, it appears that defendant was the agent of Crookshank's Bakery in the City of Aurora. That said· bakery had regular customers in the City of Aurora who were operating retail stores in said city and who bought from said bakery in Springfield certain of its products at wholesale to be resold by them at retail. That the bakery did not sell to consumers nor did defendant as its agent go from house to house to sell its products but the dealings of the bakery through defendant as its agent was confined solely to sales as a wholesaler to its regular customers who were retail merchants doing business within the city limits of the City of Aurora. Do these facts show that defendant was a peddler within the meaning of the statute of the State and the ordinances of the City of Aurora?

The statute, section 13312, Revised Statutes 1929, defines a peddler as follows: "Whoever shall deal in the selling of . . . goods, wares, and merchandise . . . by going from place to place to sell the same is declared to be a peddler." As far as this case is concerned the provision of the ordinance of the City of Aurora, under which defendant is prosecuted, is substantially the same as the statute. It is, therefore, a valid ordinance. Was defendant a peddler? We do not think so. The term "peddler" in the statute and ordinance should be given its meaning as it is ordinarily understood. A peddler is generally understood to be a person who carries his wares with him and goes from house to house or place to place to sell them and does sell and deliver them to each purchaser as he goes along without any previous agreement relative thereto. A great many cases have arisen in this State in which this statute has been applied to a great variety of facts but we find no case where the facts were as stipulated in this case. The cases from other states to which our attention has been called are uniform in holding that under similar facts, the party is not a peddler. [Commonwealth v. Standard Oil Co. (Ky.), 93 S. W. 613; Newport v. French Bros. (Ky.), 183 S. W. 532; Castle's Ice Cream·Co. v. Perth Amboy (N. J.), 146 Atl. 37; City of St. Paul v. Briggs (Minn.), 88 N. W. 984, 985; State v. Felterer (Conn.), 32 Atl. 394, 395-6; In re Watson (S. D.), 97 N. W. 463, 466.]

Some of these cases go so far as to say that a wholesaler selling to a retailer and not to a consumer is not a peddler. It is not necessary in this case for us to go that far and we are not prepared to say that under no circumstances at all could a wholesaler who sold only to retailers be held to be a peddler, but when the wholesaler confines his sales to retailers who are his regular customers he is not a peddler

even though the party delivering the goods does not know until he reaches the place of business of the retailer just how much goods the retailer will want.

The judgment will be reversed. *Bailey* and *Smith, JJ.*, concur.