City of Belleville, Appellant, v. R. E. Hoffman,
Appellee.

Opinion filed March 4, 1937.

L. N. NICK PERRIN, JR., City Attorney, for appellant.

FELSEN & McMURDO, of East St. Louis, and DUNBAR
& DUBAIL, of St. Louis, Mo., for appellee; CHARLES R.
JUDGE, of St. Louis, Mo., and L. H. DEGNAN, of East
St. Louis, of counsel.

MR. JUSTICE EDWARDS delivered the opinion of the
court.

This appeal involves the construction of an ordi-
nance of the city of Belleville which provides that
every person who shall desire to carry on the business
of hawker or peddler in the city, shall, before so doing,
obtain a license therefor, and that the same shall cost
the sum of $35 per annum for each wagon, cart or
vehicle used in such occupation.

Defendant was arrested for a violation of such ordi-
nance and tried before a justice of the peace, where
he was found guilty and a fine imposed. He there-
upon appealed to the circuit court, trial by jury was

waived, and the cause submitted to the court who discharged the defendant as not guilty. From this decision the plaintiff, city of Belleville, has appealed.

The cause was submitted in the circuit court upon a stipulation of facts, that defendant operates a bakery in the city of Centralia in which he manufactures bakery goods; that in the usual course of his business he sells and delivers bread solely to 60 retail grocers in Belleville; that he has not taken out any license so to do; and that for such delivery he owns and maintains a bakery truck which he keeps in Centralia except when same is being used for delivery purposes. Further, that he has paid license fees exacted by the State and the city of Centralia with respect to the operation of such truck.

The principal question at issue is whether under such stipulation defendant is a hawker or peddler within the meaning of the ordinance.

We have not been cited to any Illinois decision upon the question whether a person who only sells directly to retailers, for resale to consumers, and does not himself make sales to the consumer, is a peddler. The matter has been before the courts of other States in numerous instances, and so far as we are advised, the uniform holding has been that when the wholesaler confines his sales to retail dealers who are his regular customers, and does not himself sell directly to the consumer, he is not a peddler; the latter being defined as one who travels from house to house, selling directly to the user, and that sales at wholesale are not within the common and generally accepted meaning of the term. *City of Aurora v. Stafford,* 227 Mo. App. 322, 51 S. W. (2d) 547; *City of St. Paul v. Briggs,* 85 Minn. 290, 88 N. W. 984; *Huband v. Evans,* 114 N. J. L. 586, 177 Atl. 871; *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N. W. 256; *State v. Fetterer,* 65 Conn. 287, 32 Atl. 394; *Graffty v. City of Rushville,* 107 Ind. 502, 8 N. E. 609; *United Baking Co. v. City of Saratoga*

*Springs,* 267 N. Y. 316; 29 Corpus Juris, 219–222; 21 R. C. L., 184.

Based upon the foregoing authorities, which appear to establish the law bearing upon the proposition, it would appear that within the facts set forth in the stipulation, defendant sold only to retail dealers, hence was not a peddler, and not amenable to the ordinance in question.

Plaintiff cites the case of *City of Chicago v. Bartee,* 100 Ill. 57, as announcing a contrary doctrine. It appears that the ordinance in the *Bartee* case is very similar to the one herein involved. However, in that suit the facts were different, the sales having been made directly to the consumer. Such is not true here, where defendant made no sales to the user but only dealt with retail grocers. We do not regard such decision as applicable to the facts in the instant case.

The decision of the foregoing question disposes of the case and it is not necessary to consider other questions which have been argued. We think the judgment of the circuit court was right, and it will be affirmed.

*Judgment affirmed.*