City of Joliet, Appellee, v. Dan O'Sullivan, Appellant.

Gen. No. 9,447.

Heard in this court at the May term, 1939. Opinion filed January 8, 1940.

JOSEPH P. SAVAGE, of Chicago, for appellant; A. D. McMAHON and W. F. McLAUGHLIN, both of Chicago, of counsel.

JAMES G. HOLBROOK and CHARLES J. McKEOWN, both of Joliet, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

The Coca-Cola Bottling Company is a Delaware corporation licensed to do business in Illinois and has its principal place of business in Chicago. It is engaged in the manufacture and distribution of a carbonated, nonvinous, nonmalt and nonintoxicating beverage and employs a resident manager in Joliet, where it maintains an office and warehouse. Dan O'Sullivan, on and prior to September 7, 1937, resided in Lemont, Illinois, but was employed by the Coca-Cola Company and operated a truck for it out of its Joliet office. This truck, when not being operated by O'Sullivan, was kept in a garage in Joliet and carried appropriate vehicle licenses issued by the city. At the office of the company in Joliet orders for the delivering of Coca-Cola are received and at the warehouse Coca-Cola is loaded upon this truck of the company and in the course of his duties for the company, O'Sullivan delivers the orders received at the office and also enters various places of business of retail dealers in the city of Joliet and in surrounding nearby cities and villages and sells

and delivers to such retailer his requirements without any previous order therefor. Sales are made by him at wholesale in lots for resale and none of the product of the company is sold by O'Sullivan at retail. On September 7, 1937, there was in force in the city of Joliet an ordinance entitled: "An ordinance to regulate and license Peddlers, Itinerant Merchants and Transient Vendors of Merchandise" which provides that "No person, firm or corporation shall engage in, operate as or conduct the business of peddler, itinerant merchant or transient vendor of merchandise in the City of Joliet without first obtaining a license therefor" and fixed the license fee at $25 per year.

Neither O'Sullivan or the company ever procured the license as provided by said ordinance and on September 7, 1937, O'Sullivan was arrested upon a warrant issued by a police magistrate. The case was thereafter appealed to the circuit court of Will county, where a jury was waived and the cause submitted to the court upon the foregoing stipulation of facts. The trial court found the defendant guilty of violating the provisions of said ordinance and from a judgment in favor of the city and against the defendant for $5 and costs, the defendant has appealed.

It is the contention of counsel for appellant that the business in which appellant was engaged on behalf of his employer and the manner in which it is conducted, does not fall under any one of the classifications prescribed in the ordinance and that therefore the trial court erred in finding him guilty and assessing a fine against him.

By the act approved April 10, 1872 municipalities were granted the power to license hawkers and peddlers. Ill. Rev. Stat. 1939, ch. 24, sec. 65.40 [Jones Ill. Stats. Ann. 21.105]. Subsequently these powers were extended by the Act of June 16, 1887, which granted municipalities the power to license, tax, regulate, suppress or prohibit itinerant merchants and transient

venders of merchandise. Ill. Rev. Stat. 1939, ch. 24, sec. 74 [Jones Ill. Stats. Ann. 21.625]. In using these terms, the legislature meant other and different individuals than peddlers and hawkers. *City of Carrollton v. Bazzette,* 159 Ill. 284. The city of Joliet therefore had the power to pass the ordinance involved herein and appellant so concedes. Counsel for appellant insists, however, that neither he nor his employer comes within the meaning of its provisions.

Neither the statute nor the ordinance defines the terms peddler, itinerant merchant or transient vendor of merchandise. Under accepted rules of construction, these words are to be given their ordinary, customary and usual meaning and a peddler is generally understood to be one who travels about selling small wares which he carries with him. The term is so defined by the Century Dictionary. A hawker differs from a peddler only in that he cries his wares or exhibits them for sale. 29 Corpus Juris 219. In *City of Belleville v. Hoffman,* 289 Ill. App. 155, it was held that one who is engaged in selling wholesale is neither a peddler nor a hawker. Appellant here does not sell to the ultimate consumer but all his deliveries and sales are made to retail dealers and therefore he is not a peddler.

Counsel for appellant insist that the terms "itinerant merchants" and "transient vendors of merchandise" cannot be differentiated and as used in the Act of 1887 and in this ordinance and must be construed to have the same meaning. In this connection our attention is called to sec. 158 of ch. 121½, Ill. Rev. Stat. 1939, [Jones Ill. Stats. Ann. 15.46], where the term "transient merchant" as used in the Act of July 3, 1931 to license and regulate the business of transient merchants is defined, so far as material here, to mean any person, firm, association or corporation engaged temporarily in a retail or wholesale sale of goods, wares or merchandise in any place in this State and who, for the purpose of conducting such business, occupies any

lot, building, room or structure of any kind. Such terms shall not be construed to apply to any person selling goods, wares or merchandise of any description raised, produced or manufactured by the individual offering the same for sale. Our attention is also called to the definition of itinerant vendor as used in the Act of June 7, 1911, which was an act to prevent and punish fraud in sales of merchandise by itinerant vendors and to regulate all such sales. This act was repealed by the act approved July 3, 1935 but it defined itinerant vendor to mean and include all persons who engage in or conduct in this State, either in one locality or in traveling from place to place, a temporary or transient business of selling goods, wares and merchandise, with the intention of continuing in such business in any one place for a period of not more than 120 days, and who for the purpose of carrying on such business use, lease or occupy, either in whole or in part, a room, building or other structure for the exhibition and sale of such goods, wares and merchandise and expressly stated that the provisions of the act should not apply to sales made to dealers by commercial travelers or selling agents in the usual course of business. It is true that the definitions given in these acts were by the provisions of each act expressly limited to the act where the terms transient merchant and itinerant vendor were used but it was the same legislative body which in 1887 empowered Joliet to enact the ordinance involved herein which so defined them and the definitions at least reflect the legislative mind.

Bouvier's Law Dictionary defines itinerant as "wandering; travelling; who make circuits." The Century Dictionary defines an itinerant "as one who travels from place to place especially on a circuit in the discharge of a duty or the pursuit of business, as an itinerant judge or preacher." This authority defines a merchant as "one who is engaged in the business of buying commercial commodities and selling them again for the sake of profit." Bouvier defines merchant as

one whose business it is to buy and sell merchandise. The Century Dictionary defines transient as "one who or that which is temporary, passing or not permanent" and a vendor as "one who vends or sells; a seller." And Bouvier defines vendor as the seller or one who disposes of a thing in consideration of money.

In *City of Carrollton v. Bazzette, supra,* it appeared that Bazzette opened a store in Carrollton, stocked it with goods and sold as other merchants do, but had no intention of permanently conducting a store at that location. The court held that the license fee of $10 per day imposed by ordinance was unreasonable but said that defendant was an itinerant merchant within the meaning of the city ordinance. In *Twining v. City of Elgin,* 38 Ill. App. 356, the court defined the words itinerant and transient as used in the Act of 1887 and in the ordinance of the city of Elgin passed pursuant thereto and said that the word transient as applied to vendors of merchandise is of the same signification as the word itinerant. "We understand" said the court "that the terms 'itinerant merchant' and 'transient vendor of merchandise,' as used in the act last above referred to, mean and were intended to apply to those persons who for a short space of time *locate* in a city and make *sale* and *delivery* of their goods, as other merchants do, or those who carry or transport their goods from house to house, or place to place, and *make sale and delivery* of their goods in like manner as other merchants or salesmen do."

From the stipulation of facts appellant is not a peddler because he sells at wholesale. He is not a hawker for the same reason and for the additional reason that he does not cry his wares. We do not think he is an itinerant merchant within the meaning of this ordinance because he does not conduct his business at a fixed location or store, nor can it be said his business is temporary or of short duration. Furthermore, ordinarily a merchant buys as well as sells, although, of course, instead of buying he could manufacture or com-

pound the commodity he sells. Therefore appellant is either a transient vendor of merchandise or else the city ordinance requiring him to be licensed does not apply.

Counsel for appellee insist that a transient vendor of merchandise is one who transports his goods from place to place for sale and delivery either at wholesale or retail; that the words itinerant and transient do not have the same meaning and that the legislature intended the term transient vendor to be distinguished from the term itinerant merchant and in this connection call our attention to the fact that appellant's duties include not only the solicitation of new business but that upon frequent occasions he enters the retailer's place of business, who may or may not be a customer, and sells and delivers to him his requirements. It is true that the word vendor does include a wholesaler as well as a retailer and it is true that appellant transports his employer's product from place to place but the word transient as here used excludes the quality of permanency. A transient vendor is one who sells goods for a short period of time without any intention of becoming a permanent dealer. Here appellant's employer maintained a permanent place of business, having an office and warehouse in Joliet and it was from this permanent warehouse that appellant made deliveries and distribution. He had a regular route and served regular customers. He did not sell at retail but wholesale only. As to Joliet and that community, appellant or his employer cannot be said to be a transient as used in this ordinance. Under the foregoing definitions and the accepted, customary, usual and ordinary meaning of the terms employed by this ordinance, we do not think appellant can be held to be a transient vendor of merchandise and the trial court erred in not so holding.

The judgment appealed from will be reversed.

*Judgment reversed.*