THE DOLESE & SHEPARD COMPANY, Appellant, vs. WIL-
LIAM L. O'CONNELL, County Collector, Appellee.

*Opinion filed December 17, 1912.*

1. CORPORATIONS—*word "manufacturing," used in the Revenue
act, is not to be given a technical meaning.* The word "manu-
facturing," as used in the Revenue act, concerning the assessment
of the capital stock of corporations organized purely for manufac-
turing purposes, is not to be given a technical meaning.

2. SAME—*when process of manufacturing takes place.* When-
ever labor is bestowed upon an article which results in its assum-
ing a new form, possessing new qualities or new combinations,
the process of manufacturing has taken place, whether the thing
produced be a small article of commerce or a structure such as a
house, road or bridge.

3. TAXES—*when a corporation must be regarded as organized
purely for manufacturing purposes.* A corporation organized to
manufacture and deal in crushed stone, lime and cement must be
regarded as organized purely for manufacturing purposes, even
though it has power, under its charter, to build roads composed of
sand, gravel or dirt, as it is not necessary, in order that a corpora-
tion may be regarded as a manufacturing corporation, that it must
manufacture the materials it uses in constructing its product.

APPEAL from the Circuit Court of Cook county; the
Hon. ADELOR J. PETIT, Judge, presiding.

PRINGLE, NORTHUP & TERWILLIGER, for appellant.

FRANCIS S. WILSON, County Attorney, and WILLIAM
F. STRUCKMANN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The appellant, the Dolese & Shepard Company, filed its
bill to enjoin appellee from the collection of a tax extended
against it on a capital stock assessment made by the State
Board of Equalization. The bill alleged that appellant is a
corporation organized under the laws of Illinois for purely

manufacturing and mercantile purposes; that it owns or exercises no franchise except the right to be a corporation; that its authorized capital stock is $2,000,000, of which $1,914,800 has been issued and paid for; that the capital stock and property of the corporation are used in the business of manufacturing and selling crushed stone, lime and cement and for no other purpose; that all of its tangible property in the State of Illinois is located in Cook county and consists of real and personal estate used in its business; that the principal office of the corporation is in the town of South Chicago. The bill alleges that previous to the year 1911 no capital stock assessment was made against it by the State Board of Equalization; that in that year appellant filled out and returned to the board of assessors the forms and schedules required by law in relation to the value of its capital stock and franchise and also a statement of its personal property; that the board of review determined that the capital stock and franchise of appellant had no value over and above their tangible property, and they determined the assessed value of its personal property to be $1017; that afterwards the State Board of Equalization, without notice to appellant, made a capital stock assessment against it of $15,000, certified the same to the county clerk, and a tax has been extended against appellant amounting to $756. Appellee filed a general demurrer to the bill. The court below sustained the demurrer and entered a decree dismissing the bill for want of equity, to reverse which this appeal is prosecuted by complainant below, the Dolese & Shepard Company.

Appellant contends it is exempt from capital stock assessment by the State Board of Equalization on the ground that it is organized for purely manufacturing and mercantile purposes, and that this appears from its charter powers set out in the bill, which are as follows: "To quarry stone and dig sand, clay, earth and gravel; to manufacture and deal in stone, brick, lime and cement, and deal also in

sand, clay, earth, gravel, sewer and water pipe, stucco, lumber and building materials of all kinds, coal and ice, and to contract for, make and construct public and private improvements in which any such materials are employed, including roads and bridges."

That the corporation was organized for manufacturing purposes is not controverted by appellee, but it is contended that it was not organized "purely" for manufacturing purposes. The only point made in support of this contention by appellee is, that appellant is authorized to build roads composed of sand, gravel or dirt; that those materials are not manufactured by the company and the building of roads out of them would not be manufacturing. As used in the statute the word "manufacture" is not to be given its technical meaning. The Century Dictionary defines it as "the production of articles for use from raw or prepared materials by giving these materials new forms, qualities, properties or combinations, whether by hand labor or machine." Whenever labor is bestowed upon an article which results in its assuming a new form, possessing new qualities or new combinations, the process of manufacturing. has taken place, whether the thing produced be a small article of commerce or a structure such as a house, road or bridge. The determination of what is a manufacturing corporation has frequently been before the Federal courts in bankruptcy proceedings. In the case of *In re First Nat. Bank,* 152 Fed. Rep. 64, the court said: "The word 'manufacturing' is a generic term of broad significance, advisedly used by Congress to include many species of corporations, and its comprehensive meaning ought not to be whittled away by fine distinctions." See, also, *In re Rutland Realty Co.* 157 Fed. Rep. 296; *In re Niagara Contracting Co.* 127 id. 782; *Commonwealth* v. *Filbert Paving and Construction Co.* 229 Pa. St. 231.

One of the powers given appellant by its charter is to contract for, make and construct public and private im-

provements, including roads and bridges. It is conceded by appellee that if such improvements were made out of materials manufactured by appellant it would be exempt as a purely manufacturing company. We do not understand that to be exempt as a manufacturing company appellant must manufacture the material used in making the improvement. It may use raw material or material already manufactured, the only requirement being that the thing produced be the product of labor, either by hand or machinery. For the purpose of this statute we can see no reason why the use of sand, gravel or earth in the construction of a road or other improvement should be so essentially different from the use of stone or brick as to exclude from exemption a corporation using the former and include one using the latter. Besides, while an elastic construction of the charter might permit the exercise of the power here complained of, there is no contention that it is being exercised. The powers of the corporation must be determined from the charter, but it is not necessary to go into the realm of possible powers in order to classify the corporation. The bill alleged that the capital stock and property of the corporation have been used in the business of manufacturing and selling crushed stone, lime and cement, and for no other purpose. So far the corporation has been purely a manufacturing one, and we do not find anything in its charter that would justify us in holding that it is not entitled to the exemption as a corporation organized for purely manufacturing purposes.

The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*