## STATE v. FLEMING.

(140 N. W. 674.)

**Merchant — goods — buyer and seller.**

1. A merchant is one who buys to sell, or buys and sells, goods or merchandise in a store or shop.

**Transient merchant — license — vending — temporary place.**

2. Chapter 201, Laws of 1911, requires transient merchants to pay a license

---

Note.—By holding that one selling his own products is not a "merchant," the court in this case avoided the necessity of deciding the question whether the statute would be unconstitutional if construed to include such a person. That an ordinance by the terms of which a farmer is in effect prohibited from selling the products of his farm, with the exception of milk, fish, and game, without first taking out a license from the city, is invalid, was declared in Re Snyder, 10 Idaho, 682, 68 L.R.A. 708, 79 Pac. 819. And that the exemption from a license statute of people peddling their own products does not render the statute invalid has been decided in Rosenbloom v. State, 64 Neb. 342, 57 L.R.A. 922, 89 N. W. 1053. But the contrary conclusion was reached in State ex rel. Luria v. Wagener, 69 Minn. 206, 38 L.R.A. 677, 65 Am. St. Rep. 565, 72 N. W. 67. The latter case is, however, distinguished by the court in the Rosenbloom Case on the ground that the statute construed in that case was held to be a police regulation, having for its object the protection of the public, while the classification in the statute considered in the Rosenbloom Case was made for the purpose of taxation, and not for the purpose of regulating the business of peddling.

24 N. D.—38.

to the state and a local license to any town, village, or city within which they may do business. A transient merchant is one who engages in the vending or sale of merchandise at any place in this state temporarily, and who does not intend to become, and does not become, a permanent merchant of such place, as defined by the act. *Held*:—

(a) That, under this definition a transient merchant is a merchant who buys and sells merchandise, and whose sales are made at a place in this state temporarily, and who does not intend to become, and does not become, a permanent merchant of such place.

(b) That a person who grows his own fruit and ships it into this state, and sells it at retail from a car placed on a side track within the limits of a village, is not a merchant, and is therefore not a transient merchant within the prohibition of said chapter.

**Vending from car — village — merchant — transient merchant — statute interpretation — farm products — vending of same — license.**

3. The terms of the law in question clearly apply equally to growers of the products of farms situated within this state and taken into villages and cities for sale, as to such growers in other states who ship into this state for sale. *Held*, that this court will not, unless the terms of the statute make any other interpretation impossible, hold that it was intended to prevent the producers of this state from marketing the products of their farms in villages and cities without the payment of the license fees imposed.

Opinion filed February 26, 1913.

Appeal from an order of the District Court for Grand Forks County, *Templeton,* J.

Reversed.

*A. C. Lacy* and *Edgar E. Sharp,* for appellant.

One who grows his own fruit, and ships it into this state, and sells it from a railroad car within the limits of a village, is not a merchant. Re Ware, 53 Fed. 783; Hannibal & St. J. R. Co. v. Husen, 95 U. S. 465, 471–473, 24 L. ed. 527, 530, 531; Bowman v. Chicago & N. W. R. Co. 125 U. S. 474–508, 31 L. ed. 703–715, 1 Inters. Com. Rep. 823, 8 Sup. Ct. Rep. 689, 1062; Henderson v. New York, 92 U. S. 271, 23 L. ed. 548; Foster v. Blue Earth County, 7 Minn. 140, Gil. 84; Hall v. DuCuir, 95 U. S. 485, 24 L. ed. 547.

The shipments made in this case constitute interstate commerce. The statute is unconstitutional. United States v. Joint Traffic Asso. 171 U. S. 505, 43 L. ed. 259, 19 Sup. Ct. Rep. 25; 4 Words &

Phrases, §§ 3724, 3731; Louisville & N. R. Co. v. Railroad Commission, 19 Fed. 679; Brown v. Maryland, 12 Wheat, 419, 6 L. ed. 678; Leisy v. Hardin, 135 U. S. 100, 34 L. ed. 128, 3 Inters. Com. Rep. 36, 10 Sup. Ct. Rep. 681; 8 Fed. Stat. Anno. p. 425; United States v. Gould, 8 Am. L. Reg. 525, Fed. Cas. No. 15,239; McGregor v. Cone, 104 Iowa, 465, 39 L.R.A. 484, 65 Am. St. Rep. 522, 73 N. W. 1041; State v. Intoxicating Liquors, 83 Me. 158, 3 Inters. Com. Rep. 581, 21 Atl. 840.

Goods shipped into this state must become mingled with the general property of the state, before the power to tax commences. Lasater v. Purcell Mill & Elevator Co. 22 Tex. Civ. App. 36, 54 S. W. 425; 8 Fed. Stat. Anno. p. 429; Guckenheimer v. Sellers, 81 Fed. 997.

The state cannot, under the guise of inspection or revenue, forbid or impede the importation of food products which are harmless. Minnesota v. Barber, 136 U. S. 313, 34 L. ed. 455, 3 Inters. Com. Rep. 185, 10 Sup. Ct. Rep. 862; Brimmer v. Rebman, 138 U. S. 78, 34 L. ed. 862, 3 Inters. Com. Rep. 485, 11 Sup. Ct. Rep. 213; Welton v. Missouri, 91 U. S. 275, 23 L. ed. 347.

The law is unconstitutional because it interferes with and abridges the rights and privileges of citizens of this state and citizens of the several states. Robbins v. Taxing Dist. 120 U. S. 489, 30 L. ed. 694, 1 Inters. Com. Rep. 45, 7 Sup. Ct. Rep. 592.

The law is unconstitutional because it embraces subjects and matters not expressed within its title. N. D. Const. § 61.

The law is unconstitutional because it seeks to impose a tax without distinctly stating its object. N. D. Const. § 175; State v. Kleetzen, 8 N. D. 286, 78 N. W. 984, 11 Am. Crim. Rep. 324.

The appellant was not a transient merchant. Torrey v. Showano County, 79 Wis. 152, 48 N. W. 246; Crater v. Deemer, 4 Pa. Co. Ct. 375; Rosenbaum v. Newburn, 118 N. C. 83, 32 L.R.A. 123, 24 S. E. 1; 27 Cyc. 478; Com. v. Brinton, 3 Pa. Dist. R. 783; New Orleans v. LeBlanc, 34, La. Ann. 596; Overall v. Bezeau, 37 Mich. 506; Barton v. Morris, 10 Phila. 360; Lansdale v. Brashear, 3 T. B. Mon. 330; Dyott v. Letcher, 6 J. J. Marsh. 541; Com. v. Gardner, 133 Pa. 284, 7 L.R.A. 666, 19 Am. St. Rep. 645, 19 Atl. 550; N. D. Pol. Code, 1905, Sec. 1501.

*Andrew Miller,* Attorney General, and *O. B. Burtness,* State's Attorney, for respondent.

This law not only applies to nonresidents of the state, but to all other persons, without discrimination. Re Lipschitz, 14 N. D. 622, 95 N. W. 157.

The law does not interfere with interstate commerce. Brown v. Maryland, 12 Wheat. 419, 6 L. ed. 678; Welton v. Missouri, 91 U. S. 275, 23 L. ed. 347.

The state contends that the original package, in this case, consisted of the entire car of goods; that when such car was broken, the original package was broken. Nathan v. Louisiana, 8 How. 73, 12 L. ed. 992; Ficklen v. Taxing Dist. 145 U. S. 1, 36 L. ed. 601, 4 Inters. Com. Rep. 79, 12 Sup. Ct. Rep. 810; Emert v. Missouri, 156 U. S. 296, 39 L. ed. 430, 5 Inters. Com. Rep. 68, 15 Sup. Ct. Rep. 367; Robbins v. Taxing Dist. 120 U. S. 489, 30 L. ed. 694, 1 Inters. Com. Rep. 45, 7 Sup. Ct. Rep. 592; American Steel & Wire Co. v. Speed, 192 U. S. 500, 48 L. ed 538, 24 Sup. Ct. Rep. 365; Howe Mach. Co. v. Gage, 100 U. S. 676, 25 L. ed. 754; Cook v. Marshall County, 196 U. S. 261, 49 L. ed. 471, 25 Sup. Ct. Rep. 233; Rosenbloom v. State, 64 Neb. 342, 57 L.R.A. 922, 89 N. W. 1053; People v. Smith, 147 Mich. 391, 110 N. W. 1102; State v. Thompson, 25 S. D. 148, 125 N. W. 567; Re Watson, 17 S. D. 486, 97 N. W. 463, 2 Ann. Cas. 321; State v. Wheelock, 95 Iowa, 577, 30 L.R.A. 429, 58 Am. St. Rep. 442, 64 N. W. 620; Queen City F. Ins. Co. v. Basford, 27 S. D. 164, 130 N. W. 44; Davis v. Macon, 64 Ga. 128, 37 Am. Rep. 60; West v. Mt. Sterling, 23 Ky. L. Rep. 1670, 65 S. W. 120; Com. v. Gardner, 133 Pa. 284, 7 L.R.A. 666, 19 Am. St. Rep. 645, 19 Atl. 550; Ex parte Robinson, 12 Nev. 263, 28 Am. Rep. 794; Note in 129 Am. St. Rep. 251.

Exemption from taxation on business within this state cannot be claimed on the ground that the products sold may be used in commerce. 7 Enc. U. S. Sup. Ct. Rep. 433; 25 Cyc. 604, 612; Nathan v. Louisiana, 8 How. 73, 12 L. ed. 992; Ficklen v. Taxing Dist. 145 U. S. 1, 36 L. ed. 601, 4 Inters. Com. Rep. 79, 12 Sup. Ct. Rep. 810; Emert v. Missouri, 156 U. S. 296, 39 L. ed. 430, 5 Inters. Com. Rep. 68, 15 Sup. Ct. Rep. 367.

The tax is sustained on the ground that, after the property has reached its destination and has been offered for sale, it has become a part

of the general mass of property within the state. Brown v. Houston, 114 U. S. 622–634, 29 L. ed. 257–261, 5 Sup. Ct. Rep. 1091; American Steel & Wire Co. v. Speed, 192 U. S. 500, 48 L. ed. 538, 24 Sup. Ct. Rep. 365; Austin v. Tennessee, 179 U. S. 343, 45 L. ed. 224, 21 Sup. Ct. Rep. 132; Woodruff v. Parham, 8 Wall. 123, 19 L. ed. 382; Coe v. Errol, 116 U. S. 517, 29 L. ed. 715, 6 Sup. Ct. Rep. 475; Diamond Match Co. v. Ontonagon, 188 U. S. 82, 47 L. ed. 394, 23 Sup. Ct. Rep. 266.

SPALDING, Ch. J. The defendant was informed against, charged with violating the provisions of chapter 201, Laws of 1911. The information sets out the facts fully. It was so drawn to enable the courts to pass upon the validity of the statute referred to. As far as material it states that on the 27th of September, 1911, in the village of Niagara, in the county of Grand Forks, the defendant committed the crime of engaging in the occupation of a transient merchant without first obtaining a license authorizing him to do so; that the crime consisted in selling apples in bulk with no covering, from a box car on the Great Northern tracks in said village, which apples belonged to defendant's employer, one Vandeventer, a resident of Missouri, and who raised the same in his own orchard in the state of Missouri and shipped them from that state to the village of Niagara, consigned to himself, for the purpose of selling them, as set out, all without any intention to become, and without becoming, a permanent merchant of said village of Niagara, and without obtaining from the secretary of state of North Dakota a license authorizing him to so sell such apples. The statute in question requires transient merchants to secure a license for conducting their business or occupation in this state. The license is required to be procured from the secretary of state, and the price fixed therefor is $75. The statute also requires the payment of a sum not exceeding $25 per day to the treasurer of the city or village where he is conducting his business, and contains other provisions, not necessary here to be noted, further than the definition contained therein, that a transient merchant is one who engages in the vending or selling of merchandise at any place in this state temporarily, and who does not intend to become, and does not become, a permanent merchant of such place.

The information was demurred to on the following grounds:

1. That the court has no jurisdiction of the offense charged therein.

2. That the facts stated in said information do not constitute a public offense.

3. That it contains matter which, if true, would constitute a legal bar to the prosecution, in this, that it shows upon its face that the apples so sold by the defendant were, at the time of the sale thereof, the subject of interstate commerce, and that in so selling such apples the defendant was engaged in interstate commerce, and was not subject to any license or tax by the state of North Dakota contravening the right of Congress to regulate interstate commerce.

The demurrer was overruled, defendant pleaded guilty. A motion in arrest of judgment was submitted upon the same grounds stated in the demurrer. This was overruled and denied. The case is here on appeal from the order overruling the motion in arrest of judgment.

Several errors are assigned which are directed toward testing the constitutionality of the statute referred to, and it is also urged that the defendant is not a transient merchant within the meaning of the statute. From our view of the law the last-mentioned question is the only one which may be properly determined at this time. We are satisfied that the contention of appellant on this point is well taken; and that by no construction of the language of the statute, and the definition it contains of a transient merchant, can defendant be held to come within that term. At first glance it would seem as though, under the definition given, he is any person who engages in the selling of merchandise, and that, if apples may be termed merchandise, the defendant is included within this definition; but further inspection discloses the fact that the "transient merchant" is, by the definition, placed in contrast with the permanent merchant; that the definition is intended to distinguish the transient merchant from the permanent merchant; that is, the transient merchant is a *merchant* who engages in the sale of merchandise at a place temporarily, not intending to become, and not becoming a permanent merchant of such place. It follows from this that it is not only the fact of selling merchandise, but the intention or fact of not becoming a permanent merchant, that identifies the transient merchant, and that in either case he must be a merchant. This leads to a consideration of the definition of the word "merchant." Formerly

the word seems to have applied to wholesalers only, but we take it that this was with reference to the conduct of business in England, and perhaps in the early days of this country when the man who is now designated as a retail merchant was—and in some places still is—called a shopkeeper. It then served to distinguish between the wholesaler and the retailer; but under modern usage in this country, and certainly in this state, such distinction is no longer maintained. The man who runs a retail store is not commonly spoken of here as a shopkeeper, but rather as a merchant. In the light of these considerations, we think we are able to determine which of the several definitions of a merchant found in the dictionaries and other works applies to present conditions in this locality. In Webster's New International Dictionary we find the definition as one who carries on a retail business, a storekeeper or shopkeeper; and in Webster's International Dictionary, one who keeps a store or shop for the sale of goods, a shopkeeper; and in the Century Dictionary, one who is engaged in the business of buying commercial commodities and selling them again for the sake of profit. The Century Dictionary also distinguishes and says: "One who sells without having bought, as where one sells products of his own labor, is not usually termed a merchant."

"The term 'merchant' includes all who buy and sell any species of movable goods for profit." Rosenbaum v. Newbern, 118 N. C. 83, 32 L.R.A. 123, 24 S. E. 1. And Kinney's Law Dictionary says the term "merchant" has been defined to be, strictly, a buyer, but by extension, one who buys to sell or buys and sells, one who deals in the purchase of goods, a dealer in merchandise, a trader.

From these definitions, and those from many other authorities which might be cited, it would seem that two essentials are necessary to constitute one a merchant, in the ordinary meaning of the word; namely, that he must buy and sell, and that he must keep a shop or store for that purpose. For the purposes of this case it is not necessary to decide whether the car was a store or shop. The facts applied in the case at bar exclude the defendant from these definitions. He did not buy, he grew and sold. See also 27 Cyc. 478. We conclude that a transient merchant, within the meaning of the statute referred to, is a merchant who sells merchandise temporarily at a place in this state without intending to become, and without becoming, a permanent merchant of

such place. Buying is an essential element, but the buying need not be done at the same place where the sales are made. And we conclude that the defendant was not a transient merchant.

In addition to the definitions and authorities to which reference has been made, our conclusion is verified by a consideration of certain results which would necessarily follow if this defendant were held to be a transient merchant within the meaning of chapter 201, supra. These results are such that it can hardly have been within the intent of the legislative assembly to have enlarged the definition so as to include defendant within its meaning. If he is included, it means that every farmer living outside the limits of any village or city in this state, selling and delivering to an inhabitant of the city or village a load of potatoes or of wood, a basket of eggs, or any other of the products on his farm, would be required to pay not only a license of $75, but such additional fee as might be prescribed by the local village or city authorities, not exceeding $25 for every day when he sold any such commodity. It would practically deny to the farmer or producer the right to market either his dressed or live pork in any village or city within the state. It would close local markets to his butter and milk. It would likewise prevent the disposition of farm products to the wholesale buyer. In fact, it would so limit the right to exercise the power to sell that the occupation of farming would, in a large measure, be destroyed, and the residents of villages and cities rendered almost entirely dependent upon shipments of food, fuel, and different forms of merchandise. It is clear that no such results were contemplated or intended. We may add that it is conceded by counsel that if the terms of this statute are applicable to the defendant, they are universally applicable, and apply as well to growers of fruit and other products of the farms of the state as to those produced and shipped in from other states or countries, and we see no reason to question the correctness of this admission.

The order of the District Court is reversed, with directions to discharge the defendant.