## In re LANKFORD.

No. 8591—Opinion Filed Jan. 28, 1919.

(178 Pac. 673.)

(Syllabus.)

**Municipal Corporations — Working Streets— Power of City—Statute.**

Subsequent to the adoption of Revised Laws 1910, and prior to the enactment of chapter 111, Session Laws 1917, the city of Waurika was without authority to require citizens of said city to work upon its streets and highways, or pay in lieu thereof a certain sum of money.

Original petition by Bruce Lankford for a writ of habeas corpus. Petitioner discharged.

J. H. Harper, for petitioner.

Joseph T. Dillard and Guy Green, for respondent.

HARDY, C. J. Bruce Lankford filed an original petition in this court for the writ of habeas corpus, and alleged that he was restrained of his liberty and unlawfully imprisoned by the police authorities of the city of Waurika because of an alleged violation of section 3 of Ordinance No. 35 of said city requiring all male persons between the ages of 21 and 50 years, who had resided in said city for 30 days (with certain exceptions), to perform road duties for 4 days, or pay a money tax in lieu thereof. The alleged offense occurred in 1916. It is agreed that at the time of taking the federal census during the year 1910 the town of Waurika had a population of 2 928, and after the taking of said census said town was changed to a city of the first class, and elected a complement of city officials, as provided by the statutes applicable to cities, and has since said time exercised the powers and privileges conferred by the general statutes of this state on cities of the class to which it belonged, but had not framed or adopted a charter as authorized by the Constitution and laws of the state.

The only question necessary to be determined is whether the ordinance for the violation of which petitioner was arrested was a valid exercise of legislative power by the city of Waurika. Article 12, c. 10, Rev. Laws 1910, was the governing statute in force at the time of the alleged offense, which article prescribed the manner of improving the streets, avenues, lanes, alleys, and other public places in cities of this

state. Said article contained no provision authorizing a city to require any if its inhabitants to perform work or labor upon its streets, avenues and alleys. Municipal corporations can exercise only such powers of legislation as are given them by the law-making power of the state, and grants of such powers are strictly construed against the corporation, and when any fairly reasonable doubt exists as to the grant of the power, such doubt is resolved by the courts against the corporation, and the existence of the power is denied. In re Unger, 22 Okla. 755, 98 Pac. 999, 132 Am. St. Rep. 670; M., K. & T. Ry. Co. v. Tulsa, 45 Okla. 382. 145 Pac. 398. By section 5724, Stat. 1893 (Compiled Laws 1909, § 7832), each incorporated city of this state containing more than 300 inhabitants was constituted a separate road district, with power to appoint a road overseer, and to require four days' work upon its streets, or to expend the money paid in lieu thereof in improvement of the streets and alleys of such city. This section was not carried into Revised Laws 1910 as adopted by the act of March 3, 1911 (Laws 1910-11, c. 39), and was therefore expressly repealed by section 2 of said act. Such was the situation until the passage of chapter 196, Session Laws 1915, p. 397, which conferred upon cities and towns of this state with a population of 2,000 inhabitants or less, as shown by the last federal census, specific authority to enact ordinances and rules and regulations for the working and repairing of the streets, alleys, and public highways within the boundaries of such cities, and to require all able-bodied male persons between the ages of 21 and 50 years to work on the streets, alleys and public highways of said cities and towns, or in lieu thereof to furnish a substitute or pay a certain sum of money to be prescribed by ordinance. This situation continued until the passage of House Bill No. 116 (chapter 111, Session Laws 1917, p. 168, amending section 2, c. 196, Session Laws 1915), which conferred authority upon all incorporated cities and towns in the state to require all able bodied male persons between the ages of 21 and 50 years to work on the streets, alleys, and public highways of such cities and towns, or in lieu thereof furnish a substitute or pay a certain sum of money to be imposed by ordinance not to exceed the amount prescribed under the general laws of the state. The city to sustain its authority to enact the ordinance must find that authority in some provision of the statute of the state. The general power to control streets and highways does not include the power to compel citizens to work thereon. Elliott, Roads and Streets, § 479; Galloway

v. Town of Tavares, 37 Fla. 57, 19 South. 170; Ex parte Campbell (Tex. Cr. App.) 22 S. W. 1020; Ex parte Grace, 9 Tex. App. 381; White v. City of Gadsden, 160 Ala. 271, 49 South. 682.

Prior to the adoption of Rev. Laws 1910, the Legislature had conferred this authority upon all cities and towns with a population of over 300 inhabitants, but when the provision granting this authority was omitted from the revision of 1910, the authority to do so no longer existed. That such was the understanding of the Legislature is evidenced by the enactment of chapter 196, Session Laws 1915 which conferred the power upon cities of 2,000 population or less. Counsel contend that the authority of the city can be sustained by eliminating the language, "having a population of 2,000 or less," and thereby give effect to the legislative intent. Such a construction, instead of giving effect to the will of the Legislature, would reach exactly the opposite result. That chapter 196 did not confer such power upon cities of more than 2,000 is made evident by the fact that the Legislature in 1917, recognizing that fact, amended section 2 of said chapter 196, so as to confer such power upon all cities and towns of the state.

The petitioner is discharged.