## SHIPLEY BAKING CO. v. CITY OF HARTSHORNE et al.

No. 21960. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Wm. H. Fuller, G. M. Porter, John L. Fuller, and Wilkinson & Hudson, for plaintiff in error.

Joe A. Brown, Mayor, and J. E. Layden, City Atty., for defendants in error.

McNEILL, J. The parties will be referred to as they appeared in the trial court. The plaintiff, Shipley Baking Company, began this action in Pittsburg county against the defendant city of Hartshorne, on the 14th day of June, 1930, for an injunction to enjoin said defendant from enforcing ordinance No. 249 of said city of Hartshorne, which was an ordinance imposing an occupational license tax for the purpose of raising revenue.

The pertinent parts of said ordinance No. 249, passed under authority of section 4556, C. O. S. 1921, are as follows:

"Section 1. For the purpose of raising a revenue for said city, there is hereby levied a license tax, etc. * * *

"Section 2, subsection 64, Peddlers:

"(d) Peddlers of fruits, bread, meats, vegetables, bottled soft drinks and other eatables from store to store and from house to house, $100 per annum, $10 per month; $1 per day.

"Section 3. It is further provided that any person who sells or offers for sale and delivers any goods, wares, and merchandise upon the streets and alleys in the city of Hartshorne, either by going from place to place or from any parked vehicle, stand, box, or other contrivance, is hereby defined for the purposes of this ordinance to be a peddler; provided, further, that this ordinance shall not be so construed as to prevent any farmer, fruit, or vine grower from selling the products or produce off his farm, vineyard, or garden without obtaining license therefor, nor any acts which under the law have been defined as Interstate Commerce.

"Section 4. Each person, firm, or corporation engaged in selling or delivering any goods or merchandise of any kind, at wholesale or retail to any firm, person or corporation within the city of Hartshorne, shall pay a license at the rate of $1 per day, or $10 per month, or $100 per year, but this section shall not apply to any person, firm or corporation selling at their regular established place of business."

The defendant is a municipal corporation in Pittsburg county, located about 16 miles east of McAlester. The plaintiff was doing a commercial baking business in the city of McAlester and engaged in selling its products at wholesale to retail merchants in the city of McAlester and contiguous territory within a radius of approximately 60 miles. In its petition it alleged, and at the trial it was proved, that the wholesale business of plaintiff in said city of Hartshorne in the sale of its bakery products amounted to approximately the sum of $850 per month; that there is located in said city of Hartshorne a bakery manufacturing and selling at wholesale like products and which is in competition with plaintiff.

Plaintiff contends that the ordinance is not only void upon its face, but, as applied in this case, it unjustly discriminates in the amount of license charged for bakery products manufactured in the city of Hartshorne and those manufactured and sold in said city by wholesale merchants from other

cities or places within the state; that it is in restraint of trade and checks the freedom of commercial intercourse in treating unequally the goods of the same class, kind, and quality manufactured within the state of Oklahoma but outside of the city of Hartshorne and those manufactured within the city; that it tends to create a monopoly by protecting local manufacturers against outside competition; that the ordinance was not enacted in good faith for the purpose of obtaining revenue, but for the purpose of benefiting local manufacturers of similar products; that the classification made is arbitrary, unreasonable, and intended to restrain trade, and to create a monopoly, and denies the equal protection of the law to the plaintiff, and is in contravention of the Fourteenth Amendment of the Constitution of the [United States, and the Constitution of the state of Oklahoma, and is therefore void.

The district court denied the petition of plaintiff for an injunction. From the judgment of the district court, the plaintiff has appealed.

It is contended by the plaintiff that section 4 of said ordinance is void on the following grounds:

"1. Because this ordinance is purely a revenue ordinance and admittedly passed for that purpose, and not regulatory. This ordinance is authorized by section 4556, C. O. S. 1921.

"2. That a revenue ordinance must apply to all alike, whether residents or nonresidents of the city.

'3. This ordinance exacts from a nonresident ten times the amount that it requires from a local merchant engaged in the same kind of business.

"4. That said ordinance makes no distinction between merchants based upon the amount of business transacted, yet the city officials of Hartshorne arbitrarily and illegally make such discrimination and classification in enforcing said ordinance as against this plaintiff in error."

This case is controlled by Grantham et al. v. City of Chickasha, 156 Okla. 57, 9 P. (2d) 747, this day decided by this court.

In the instant case, the city of Hartshorne has attempted to enlarge upon the meaning of the legislative term of "peddlers" as provided in section 4556, C. O. S. 1921. In the Chickasha Case, supra, the city of Chickasha attempted to enlarge upon the meaning of the term "merchants of all kinds." From a careful review of the record in this case, we are of the opinion that the purpose of the city council of Hartshorne in its enactment of the ordinance in question was to discriminate against those persons, firms, or corporations selling or delivering bakery products manufactured without the city by imposing a higher tax upon them than would be imposed upon persons, firms, or corporations selling and delivering bakery products manufactured within said city, and that the enforcement of the ordinance in question would result in discrimination against nonresidents.

The judgment is reversed, and the cause remanded, with directions to the trial court to enter judgment for the plaintiff.

HEFNER, J., and CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., not participating. CLARK, V. C. J., and RILEY, J., absent.