## Ex parte RUSSUM.

No. 22644. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Mason, Williams & Lynch, Shirk, Danner & Phelps, Melton & Melton, and John F. Butler, for petitioner.

J. D. Carmichael, City Atty., and Barefoot & Carmichael, for respondent.

McNEILL, J. This is an original proceeding in this court in which the petitioner, Ted Russum, asked this court to discharge him upon a writ of habeas corpus for which he seeks his release from the chief of police of the city of Chickasha, Okla. In his petition, said petitioner alleges, in substance, that he is illegally restrained of his liberty and is held by the chief of police under a warrant issued by the municipal court of the city of Chickasha, charging him with the violation of ordinance No. 1032, in force in said city, requiring the payment of a license fee of $100, which the city of Chickasha has demanded of petitioner to engage in his vocation as a salesman and driver for Mench's Mayonnaise Products Company, which company is engaged in the manufacture and sale of mayonnaise, salad dressing, sandwich filling, and other food products; that said company owns and operates a manufacturing plant or establishment in Oklahoma City, Okla., and such company sells its food products to its customers in Oklahoma City, and in the surrounding territory, including the city of Chickasha, by delivering said products so sold by means of trucks owned by said Mench's Mayonnaise Products Company and operated by petitioner; that said petitioner runs said truck three times a week to the city of Chickasha, from which deliveries are made to the customers in the city of Chickasha; that the products are manufactured only for retail merchants, restaurants, and hotels, in such towns in the vicinity of said trade territory, which food products are subsequently sold to the consuming public; that the petitioner does not sell said products from house to house, does not hawk, peddle, or vend said products in the public streets, or alleys of said city, but that all of said customers are established grocers, restauranteurs, and hotel-keepers in the city of Chickasha and other towns and cities within said trade territory; that said petitioner has served such customers regularly for a long period of time; that said deliveries are made under general arrangement between petitioner and his employer and the various customers in Chickasha, whereby petitioner makes regular stops to see said

customers for the purpose of ascertaining the needs of such customers, such calls being made usually by the requirement of such customers; that said petitioner has not paid a license of $100 per annum for delivering any goods as demanded by said ordinance, and is being restrained of his liberty by reason of the enforcement of same, and alleges that said restraint is illegal and void and unauthorized in that there is no provision of law in the statutes of the state of Oklahoma, nor is there any authority empowering the city of Chickasha to enact and enforce an ordinance levying a license fee or occupation tax "on persons coming in and offering for sale any items of merchandise, or persons who sell or offer for sale goods, wares, or merchandise by traveling around the city," and alleges that said ordinance is void in that the city of Chickasha has exceeded the authority or power given it under section 4556, C. O. S. 1921, in that said ordinance attempts to subclassify the various classes of occupations, which under the terms of section 4556, supra, the said city of Chickasha is authorized and empowered to levy and collect a license tax therefrom; that there is no occupational license fee or tax levied upon or collected from business houses, or merchants located in the city of Chickasha: that said ordinance exempts "persons * * * who sell or offer for sale goods, wares, or merchandise by traveling around the city, * * * and who have a fixed or established store, warehouse, or other place of business within the city of Chickasha; "that the ordinance is void, unconstitutional, and invalid, in that upon its face it discriminates between persons engaged in the same business of selling or offering for sale wares or merchandise by traveling around the city and belonging to the same class as your petitioner; that there are at least 14 other persons, firms, or corporations engaged in selling and offering for sale goods, wares, and merchandise by traveling around the city and many other companies in said city who manufacture or produce and sell goods, wares and merchandise by traveling around the city who have a fixed or established store, warehouse, or place of business in the city, and that such firm or person conducts their business in exactly the same manner as said petitioner and no demand has been made of said persons or companies for the payment of any license fee or tax: that said ordinance is violative of the rights guaranteed said petitioner under the Constitution of the United States, and the Fourteenth Amendment thereof as well as the rights guaranteed him under the Constitution of the state of Oklahoma, particularly article 2, sec. 2, sec. 7, and sec. 15 thereof, and by reason thereof, and other allegations concerning which it is unnecessary to set forth, petitioner prays this court to grant a writ of habeas corpus; and that he be discharged without delay from his unlawful imprisonment.

This case is controlled by the opinion of this court this day decided in Grantham et al. v. City of Chickasha, 156 Okla. 57, 9 P. (2d) 747, and it is unnecessary to discuss this question further.

The writ is granted. Petitioner discharged.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. CLARK, V. C. J., and RILEY, J., absent.