### Ex parte HOLMES.

No. 24007. Opinion Filed Feb. 7, 1933.

W. K. Moore, for petitioner.

R. O. Wilson, City Atty., for respondent.

CULLISON, V. C. J. Gerald Holmes, as petitioner, petitioned the Supreme Court, stating that he was unlawfully restrained of his liberty by the marshal of Ponca City, Okla., because of having been convicted of the violation of certain ordinances of the city of said Ponca City, requiring him to pay a license fee as a transient photographer. Said petitioner contends that his imprisonment is illegal and void because the ordinance under which he was convicted is illegal and void.

The record discloses that Ponca City, Okla., is a municipal corporation, operating under a charter form of government. Section 155 of said charter provides the various businesses and occupations upon which said municipality has power to levy and collect a license tax. Said section 155 of the charter enumerates the same occupations and businesses as enumerated in section 4556, C. O. S. 1921 [O. S. 1931, sec,. 6389] with the exception that said charter provisions omit two lines of business that are included in the statutory provision.

We have examined said statutory provision and provision of the charter of Ponca City, and nowhere in said provisions do we [O. S. 1931, sec. 6389], such transient photographers are listed as occupations subject to taxation.

The respondent also contends that if photographers are not covered in section 155 of the charter or section 4556, C. O. S. 1921 [O. S. 1931, sec. 6389] such transient photographers are covered by section 154 of the charter of Ponca City, Okla.

We have examined section 154 and find that said section deals with the police power to license and regulate certain businesses such as itinerants or transient vendors of various kinds of merchandie, pawnbrokers, junk shops, etc.

Said section further provides that a bond may be required of such person or company as required by the board of commissioners. Said section provides for the regulation of such companies and the giving of a bond, but nowhere does said section provide for or give the city authority to pass an ordinance levying a tax of so much per day upon any of the businesses or occupations mentioned therein.

Section 154 of the charter pertains to police regulation of the businesses enumerated therein, and section 155 of the charter is that portion of the charter which covers the various activities upon which said municipality may levy a tax.

Ordinance No. 1049 of Ponca City, Okla., as amended by ordinance No. 1238, provides that transient photographers shall be assessed $5 per day for the privilege of transacting their business within said city.

The section of the statute referred to above, and the section of the charter enumerated, supra, do not enumerate any such occupation as transient photographers or photographers, and since the same does not enumerate as a taxable occupation "transient photographers," the city authorities do not have power and authority to legislate and pass an ordinance providing a tax upon transient photographers.

The ordinance is bad because it exceeds the authority vested in the municipality. Therefore, the ordinance is void and the conviction and imprisonment of petitioner under said ordinance is invalid and illegal.

The identical question presented in the case at bar, to wit, the power to tax by a municipality, was passed upon by this court in the very recent case of Grantham v. City of Chickasha, 156 Okla. 56, 9 P. (2d) 747:

"Municipal corporations can exercise only such powers of legislation as are given them by the lawmaking power of the state, and grants of such powers are strictly construed against the corporations and when any fairly reasonable doubt exists as to the grant of the power, such doubt is resolved by the courts against the corporation, and the existence of the power is denied." In re Lankford, 72 Okla. 40, 178 P. 673.

"A city council has no power to enact an ordinance exceeding its delegated statutory powers, by making a definition which would include persons or principles not clearly within the terms of the act granting such power."

See, also, Ex parte Russum, 156 Okla. 62, 9 P. (2d) 753, and Shipley Baking Co. v. City of Hartshorne, 156 Okla. 74, 9 P. (2d) 754.

The decisions of this court in the case just cited, supra, are conclusive of the question presented in the case at bar, and conclusively show that said petitioner is illegally restrained of his liberty and should be released.

The writ is granted. The petitioner is discharged.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL and BUSBY, JJ., absent.