**BUCKLER et al. v. CITY OF GEARY et al.**

No. 23744.    Nov. 5, 1935.

Herbert D. Mason, Harold R. Williams, and Herbert S. French, for plaintiffs in error.

J. P. Wishard, for defendants in error.

McNEILL, C. J. This is a suit in injunction. A baking company seeks to enjoin the governing body of the city of Geary from

enforcing an ordinance which prohibits the company from delivering its bakery products to retail merchants in said city.

The facts necessary for our consideration, without detail, are short. The plaintiff, Campbell Bakeries, maintains a wholesale bakery in Oklahoma City where it manufactures bread and other bakery products which it distributes to surrounding towns by means of trucks and sells the same only at wholesale to its regular customers in their respective places of business. The plaintiff does not make any sales or solicitation of customers upon the streets of said city of Geary nor does it sell at retail to customers.

Plaintiff contends that the ordinance does not apply to the conduct of its business, and that it is unconstitutional in that it violates article 2, sections 2 and 7, of the Constitution of the state of Oklahoma, and the Fourteenth Amendment to the Constitution of the United States.

Section 398 of the ordinance defines "peddlers" and section 399 provides for the regulation of peddling, which, in effect, makes it unlawful for any person to sell or offer for sale any goods, wares, or merchandise along the entire business section of said city.

The facts in the instant case are essentially the same which this court considered in the cases of Grantham v. City of Chickasha, 156 Okla. 56, 9 P. (2d) 747; Shipley Baking Co. v. City of Hartshorne, 156 Okla. 74, 9 P. (2d) 754; Ex parte Russum, 156 Okla. 62, 9 P. (2d) 753.

It appears that defendant contended in the trial below that the business of plaintiff came within the classification of a peddler and could be regulated under the ordinance.

Plaintiff is not a peddler within the common acceptance of that term. There can be no nicely balanced difference on this question. See Grantham v. City of Chickasha, supra, and cases cited therein; also, State v. Fetterer, 65 Conn. 287, 32 Atl. 394; City of St. Paul v. City of Briggs (Minn.) 88 N. W. 984; 21 R. C. L. 184; 48 C. J. 778; 29 C. J. 219-221; Stamford v. Fisher, 140 N. Y. 187, 35 N. E. 500; City of Aurora v. Stafford, 227 Mo. App. 322, 51 S. W. (2d) 547; In re Pringle, 67 Kan. 367, 72 P. 864; Woolman v. State, 2 Swan (Tenn.) 354.

The business of plaintiff was lawful. Plaintiff was privileged to enjoy the right of conducting the same. Grantham v. City of Chickasha. The city was without statutory power or authority to prohibit plaintiff from conducting its lawful business within the limits of said city. Jay Burns Baking Co. v. Bryan, 264 U. S. 504, 68 L. Ed. 813. Under such circumstances, courts of equity may grant relief and enjoin the enforcement of an unreasonable restriction upon a lawful business, which in effect constitutes a denial of equal justice. Grantham v. City of Chickasha, supra.

Judgment is reversed, with directions to issue the injunction prayed for.

OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.