## TAX COMMISSION et v
## J CHAS McCULLOUGH SEED CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4681.   Decided Jan 7, 1935

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Walter M. Locke, Assistant Prosecuting Attorney, Cincinnati, and Thomas C. Lavery, Special Counsel, Cincinnati, for plaintiffs in error.

Frost & Jacobs, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Hamilton County.

The J. Chas. McCullough Seed Company appealed from a decision of the Tax Commission of Ohio to the Court of Common Pleas, claiming that such corporation was improperly denied by the Commission classification as a manufacturer for the purpose of taxation.

Sec 5385, GC, is as follows:

"A person who purchases, receives or holds personal property, of any description, for the purpose of adding to the value thereof by manufacturing, refining, rectifying, or by the combination of different materials with a view of making a gain or profit by so doing is a manufacturer, and, when he is required to return a statement

of the amount of his personal property used in business, he shall include therein the average value estimated, as hereinafter provided, of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying or refining, and of all articles which were at any time by him manufactured or changed in any way, either by combination or rectifying or refining or adding thereto, (separately listing finished products not kept or stored at the place of manufacture or at a warehouse in the same county therewith), which, from time to time, he has had on hand during the year next previous to listing day annually, if he has been engaged in such manufacturing business so long, and if not, then during the time he has been so engaged."

A merchant, the classification contended by the Tax Commission to apply to the defendant in error, is defined by §5381, GC, as follows:

"A person who owns or has in possession or subject to his control personal property within this state, with authority to sell it, which has been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which has been consigned to him from a place out of this state for the purpose of being sold at a place within this state, is a merchant."

The evidence shows that the defendant in error buys large quantities of seeds from growers thereof; that by elaborate processes and through the use of complicated machinery, separates, grades, cleans, and packs the resultant portions of the original product. The conglomerate mass, received from growers of seeds, contains many substances foreign to the finished product, packed and sold by the defendant in error. The seeds of many noxious weeds must be thoroughly eliminated. The various seeds must be carefully separated so that a definitely guaranteed uniform seed will be found in the package appropriately designated. Various forms of dirt must also be thoroughly eliminated. These results are only accomplished by scientific processes requiring the use of extensive machinery. Certainly it cannot be successfully maintained that the individual, separated results of the processes applied by defendant in error are the same as the original mass purchased from the grower, merely because they might be tumbled together again and so approximately create the original unsaleable and

useless mixture of noxious weeds, dirt, foreign substances, and valuable seeds.

Sec 5805-6, GC, has been cited to us as presenting the attitude of the legislature toward those engaged in a business similar to that of defendant in error.

Sec 5805-6, GC, is in part as follows:

"Agricultural seeds or mixtures of the same shall be exempt from the provisions of this act.

(a) When possessed, exposed for sale, or sold for food purposes only.

(b) When sold direct from grower to seeds merchants to be cleaned or graded or shipped to a general market to be cleaned or graded before offered or exposed for sale for seeding purposes."

This statute is in no way helpful to a decision of the question presented. The word "merchants" as used in §5805-6 GC is employed simply to designate the vendee from the vendor of seeds. The use of the term in its setting is not limited to the specific definition of "merchant" quoted supra from §5381, GC. No factor of processing, elaborate separation, sorting and cleaning is included in the statutory definition of merchant. Obviously such treatment of the original purchase is much more than owning or possessing or holding same subject to control.

We are called upon to define the term "manufacture." We see no value in such action. The term has been repeatedly defined by the Supreme Court, but in each case the definition is merely inclusive and not exclusive. One example may be noted. In the case of **Hadfield-Penfield Steel Co. v Sheller, by etc., 108 Oh St, 106, at pp. 112, 113,** the court say:

"If any question is made as to the operation of an abrasive wheel being a process of manufacture, that question must be determined against the plaintiff in error. Manufacture is defined by lexicographers as the production of articles for use from raw or prepared materials, by giving to these materials new forms, qualities, properties, or combinations, whether by hand labor or by machinery. Another definition is "to work up into form for use." Clearly this tool had been dulled by use, and it was thereby rendered unfit for use until ground by the abrasive process which had been intrusted to this defendant in error. Technically, manufacture means to make by hand, but by long-continued acquiescence and approval it has a well-defined meaning applicable to machinery. By modern methods of manufacture, different steps have been specialized, and no one operative in a factory could be said to manufacture a complete article. Each workman has his own special function, the operation of each being necessary to the completed whole, and while in a general sense the combined processes are necessary to the complete manufacture of the article it is equally true that each of the various processes also constitutes "manufacturing." The defendant is operating a factory, and each and all of the processes of that factory must be held to be manufacturing, and all of the operatives, without regard to the character of the work performed by them respectively, must be held to be engaged in manufacturing."

We are of the opinion, therefore, that the defendant in error is a manufacturer of refined and selected seeds, and is entitled to the rating of manufacturer for the purposes of taxation.

The judgment is affirmed.

HAMILTON, PJ, concurs.