## SCHUMACHER STONE CO v TAX COMMISSION et

Ohio Common Pleas, Putnam Co

Decided May 12, 1937

Wm. B. Gitteau, Columbus, and J. J. Labadie, Ottawa, for plaintiff.

Wm. Ford, Columbus, and F. E. Warren, Prosecuting Attorney, Ottawa, for defendants.

## OPINION

**By SLAYBAUGH, J.**

This cause is in this court on appeal from the decision of the Tax Commission of Ohio and was heard on the pleadings and evidence in this court on March 19, 1937, and was submitted on briefs of counsel, the final reply brief being filed May 12, 1937.

The following are the facts established by the evidence, to-wit:

1. The Schumacher Stone Company is engaged in the quarrying of stone from natural rock formations below the surface of the ground, and by use of blasting, trucks and hoisting machines removing said rock to the surface of the ground.

2. That by use of machinery such as crushers, electric motors, elevators and screens, said rock is reduced to some eight different sizes of stone usable and to be used in the construction of highways and concrete construction; said sizes and grades of stone being in conformity with the specifications promulgated and approved by the state highway department of the state of Ohio for use in the construction of its highways.

3. That as a result of such operation there is produced what is commonly known as limestone fertilizer for use in agriculture, and that the amount of such fertilizer as produced is about 15% of the total product.

4. That all the machinery operated and used by The Schumacher Stone Company after said rock is delivered to the surface of the ground is necessary for the production of the finished materials marketed by it.

5. That before the use of the said machinery on the raw material, said raw material had no use and no market; but that after the use of said machinery, the products so produced has a market and is usable.

The sole question for the court in this case under the evidence is whether the machinery used in reducing the valueless raw material mined from the earth to usable and marketable products is "manufacturing" under the provisions of §5385, GC.

This court is inclined to, and does adopt as the legal definition for "manufactur-

ing" applicable to this case, under §5385, GC, the definition fixed by the United States Supreme Court in the case of Kidd v Pearson, viz:

"Manufacturing is transformation, the fashioning of raw material into a change of form or use." 128 U. S. 20.

The term "manufacturing" has also been defined in legal terms by the courts at greater length, but of the same import in the following cases to-wit: In Re Toledo Portland Cement Co., 156 Fed. R. 83; Tide Water Oil Company v United States, 171 U. S. 210; Engle v Sohn, 41 Oh St 691; Hadfield-Penfield Steel Co. v Sheller, 108 Oh St 106; Tax Commission of Ohio v The J. Chas. McCullough Seed Co., 50 Oh Ap 131, 3 O.O. 470, (18 Abs 702); Dolese & Shepard Co. v O'Connell, 257 Ill. 43; Commonwealth v W. J. Sparks Co., So. R. Second Series I. 1050.

Splendid briefs were furnished the court in this matter which the court appreciates.

This court holds that the machinery used by The Schumacher Stone Company in its operations, is used by it as a manufacturer, and under the provisions of §5388, GC said machinery should be assessed for taxes at 50% of valuation.

The decision and order of the Tax Commission of Ohio is reversed at costs of appellees, and this case is remanded to the Tax Commission ordering it to place such machinery on the tax duplicate at 50% valuation and for further proceedings according to law.

Exceptions allowed appellees.

An entry may be prepared in accordance with this decision.