## NORTH COLLEGE HILL (village) v WOEBKENBERG

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 10, 1938

John A. Scanlon, Cincinnati, for appellant.

Karl E. Wettengel, Cincinnati, for, appellee.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The appellant, the duly incorporated Village of North College Hill, Hamilton county, Ohio, pursuant to §3673 GC, passed an ordinance licensing peddlers, and among other things required a license to engage in the business of peddling and dealing in milk.

Woebkenberg, the appellee here, was arrested and prosecuted by the village authorities for a violation of this ordinance, and, upon trial, was convicted and fined. He thereupon appealed to the Common Pleas Court, which court reversed the judgment of the mayor's court, and dismissed the case, discharging Woebkenberg from custody. Woebkenberg was the agent and employee of The H. Woebkenberg Dairy Company, which company was engaged in delivering its products to regular customers in the Village of North College Hill.

Sec 3672 GC, in authorizing municipalities to enact license legislation, contains the following exception:

"* * * but no municipal corporation may require of the owner of any product of his own raising, or the manufacturer of any article manufactured by him, license to vend or sell in any way, by himself or agent, any such article or product. * * *"

The question for consideration is whether the milk was prepared and sold by The H. Woehkenberg Dairy Company is within this exception of an article manufactured by it, and which it sells.

The Common Pleas Court, on appeal from the judgment of the mayor's court, found the defendant's principal was engaged in the manufacture of the article which it sold, and was, therefore, exempt under the statute from the provisions of the licensing ordinance. That is the question before this court.

It is undisputed that the dairy company upon receipt of the raw milk, which it purchases from the farmers, processes the same for preparation for sale, by pasteurization, the removal of butter fat, by the reconditioning of it, remixing the separated milk with the butter fat to a certain standard requirement. That the milk is then bottled in containers, required by the Health department regulations, this bottling being accomplished by machinery. That it also sells by-products which it manufactures, such as cottage cheese, butter-milk and pure butter fat. The dairy company has its pasteurization vats, machinery for straining the milk, machinery for bottling the milk, and machinery for cleansing the bottles It is undisputed that this machinery is extensive and expensive in its operation. That in preparing the milk for sale, it requires the operation of all these machines. This certainly comprehends more than a mere dealing in a raw product.

Milk is classified in many ways, and before going through any processing it is classified as raw milk. Its form is changed, and its properties, combinations, and qualities are changed before selling to the public.

It would seem that these facts clearly establish the defendant's employer as a manufacturer.

In arriving at the meaning of the word "manufacturer" as distinguished from that of "merchant," and in this case distinguished from that of "dealer," but the same principle applies, we call attention to the case of **Tax Commission of Ohio v J. Chas. McCullough Seed Co, 50 Oh Ap 131, (18 Abs 702), 3 O.O., 470.** There can be no all inclusive definition of the word "manufacturer." It must be determined from the facts in each particular case. In the McCullough Seed Company case the court cites **Hatfield-Penfield Steel Co v Sheller, 108 Oh St 106,** wherein the court says in the opinion:

"Manufacture is defined by lexicographers as the production of articles for use from raw or prepared materials, by giving to these materials new forms, qualities, properties, or combinations, whether by hand, labor or by machinery. Another definition is 'to work up into form for use.'"

The principle announced in the McCullough Seed Company case is supported by the case of Hatfield-Penfield Steel Co v Sheller, **supra,** and is sufficient authority to hold under the facts of this case the employer of the appellee was engaged in the manufacture of an article within the meaning of the law.

The Common Pleas Court was correct in so holding.

The judgment of the Common Pleas Court of Hamilton county is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.