Turkey Growing — Processing — Industrial Finance Authority A processed turkey product for purchase by the consumer comes within the definitions of both "industrial" and "manufacturing" and such operation is therefore an "industrial development project," as that term is used in the Oklahoma Industrial Finance Authority Act, 74 O.S. 851 [74-851] — 74 O.S. 868 [74-868] (1961). The Attorney General has had under consideration your letter of recent date in which you set out, substantially, the following fact situation: The Oklahoma Industrial Finance Authority has had presented to it a loan application in the amount of $500,000 by Pottawatomie County Industrial Development, Inc., an industrial development agency of Shawnee, Oklahoma, to assist in financing a turkey raising and processing operation. The plans for this operation involve the ultimate expenditure of an estimated $4,436,000. The phases of the total operation upon which it is contemplated that the proceeds of such requested loan from the Authority will be spent are (1) the hatching, feeding and raising of the turkeys, (2) the operation of a feed mill for the manufacture of feeds for the turkeys, and (3) the processing and packaging of the finished product for market. You state that it is the opinion of the Authority's Board of Directors that phases numbered 2 and 3 above are industrial and/or manufacturing enterprises, as those terms are used in 74 O.S. 855 [74-855] (1961), and are therefore proper projects for the loan of funds of the Authority. Your inquiry concerns the legality of a loan to that phase of the project dealing with the hatching, feeding and raising of the turkeys. Your letter concludes with the following observation and question: "The Board's desire, in the instant case, is to participate in the financing of this integrated turkey project, provided it is not legally prevented from so doing because of the fact that one phase of the project, if taken alone, might not qualify. Can we, in your opinion, consider the entire integrated project as the basis for our loan; or must we eliminate the producing end of the business from consideration, and make our loan solely upon the feed mill and the processing facilities?" The Oklahoma Industrial Finance Authority Act is set out in 74 O.S. 851 [74-851] — 74 O.S. 868 [74-868], as amended. Section 74 O.S. 855 [74-855] provides in relevant part as follows: "The Authority, as a public corporation and governmental instrumentality exercising public powers of the State of Oklahoma, is hereby granted and shall have and may exercise all powers necessary or appropriate to carry out and effectuate the purposes of this Act, including the following powers, in addition to others herein granted: "(a) To cooperate with industrial development agencies in their efforts to promote the expansion of industrial and manufacturing activity in the State; "(b) To determine, upon proper application of industrial development agencies, whether the declared public purpose of this Act has been or will be accomplished by the establishment of such industrial development projects by such industrial development agencies; "(g) To make, upon proper application of industrial development agencies, loans to such industrial development agencies of moneys held in the Industrial Development Fund for industrial development projects in Oklahoma, and to provide for the repayment and redeposit of such allocations and loans in the manner hereinafter provided;" Also relevant to your question is the following portion of Section 853: "The following terms whenever used or referred to in this Act shall have the following meanings, except in those instances where the context clearly indicates otherwise: . . . . "(d) The term `industrial development agency' shall mean any Oklahoma incorporated organization, foundation, association or agency, regardless of the particular name, whether organized for profit or nonprofit, which shall have as its primary function the promotion, encouragement and development of industrial and manufacturing enterprises in Oklahoma. "(f) The term `industrial development project' shall mean any site, structure, facility or undertaking comprising or being connected with or being a part of any industrial or manufacturing enterprise established or to be established by an industrial development agency in Oklahoma." From the facts set out in your letter it is apparent that the entire operation outlined therein has as its end result the finished turkey product ready for purchase by the consumer. The controlling question would seem to be whether the overall operation aimed at this end is an "industrial' and/or "manufacturing" enterprise, rather than whether a single phase, standing alone, fits either or both of these terms. This was apparently the view of the legislature, since it saw fit to use the language "or being connected with or being a part of any industrial or manufacturing enterprise" in the definition of "industrial development project" in Section 853. Our task, then, is to determine whether such total operation constitutes an industrial development project and is therefore a proper — subject for a loan of the Authority's funds. You state that you are in complete accord with our Opinion No. 63-448 which was addressed to the Authority and which contains a very comprehensive analysis of the words "industrial" and "manufacturing". That opinion is quite correct in its observation that these words are susceptible to a great variety of meanings, depending on whether they are used in connection with zoning ordinances, taxation, regulations, etc. The former opinion cites the case of Chicago, R. L P. R. Co. v. State,83 Okl. 161, 201 P. 260, which in turn quoted the following from Webster's New International Dictionary in defining the word "industry": "Any department or branch of art, occupation, or business; especially one which employs much labor and capital and is a distinct branch of trade . . . Said opinion also cites, among other authorities, the case of Cains's Coffee Co. v. City of Muskogee, 171 Okl. 635,44 P.2d 50, wherein the Oklahoma Supreme Court quoted the following language from the case of Dolese and Shepard Co. v. O'Connell, 257 Ill. 43, 100 N.E. 235: "As used in the statute, the word `manufacture' is not to be given its technical meaning. The Century Dictionary defines it as `the production of articles for use from raw or prepared materials by giving these materials new forms, qualities, properties, or combinations, whether by hand labor or machine. "Whenever labor is bestowed upon an article which results in its assuming a new form, possessing new qualities or new combinations, the process of manufacturing has taken place, whether the thing produced be a small article or commerce or a structure, such as a house, road, or bridge." This language is quite similar to the following summary found in 55 C.J.S., Manufactures, Section 3, p. 681: "In considering what constitutes a manufacture or manufacturing, the more comprehensive definitions which are set out supra Section 1 indicate that generally there are three main or essential elements: (1) An original substance or material, frequently referred to as raw material. (2) A process whereby the original material is changed or transformed. (3) An article or substance which, by reason of being subjected to the processing, is to some extent different from the original substance or material." The Attorney General concludes, in answer to your question, that an operation whose end result is the turning out of a processed turkey product for purchase by the consumer comes within the definitions of both "industrial" and "manufacturing" and that such operation is therefore an "industrial development project", as that term is used in the Oklahoma Industrial Finance Authority Act. Since the hatching, feeding and raising of turkeys is most assuredly connected with or a part of such enterprise, it is a proper subject for the loan of the funds of the Oklahoma Industrial Finance Authority. (Charles L. Owens)